Eastern District of Kentucky
FILED
MAR 29 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT LEXINGTON

| | |
|---|---|
| WILLIE COVINGTON ) | |
| ) | |
| PLAINTIFF ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 05-113-JMH |
| ) | |
| CITY OF RICHMOND, KENTUCKY, ) | |
| ) | |
| ROBERT G. STEPHENS, CHIEF OF ) | |
| POLICE OF RICHMOND, KENTUCKY ) | |
| Both in his *Official* and *Individual* Capacity; ) | JURY TRIAL DEMANDED |
| ) | |
| DAVID EVANS, CITY MANAGER OF ) | |
| RICHMOND, KENTUCKY ) | |
| Both in his *Official* and *Individual* Capacity; ) | |
| ) | |
| CONNIE LAWSON, MAYOR OF ) | |
| RICHMOND, KENTUCKY ) | |
| Both in her *Official* and *Individual* Capacity; ) | |
| ) | |
| AND ) | |
| ) | |
| JAKE ADKINS, RICHMOND, ) | |
| KENTUCKY POLICE OFFICER ) | |
| Both in his *Official* and *Individual* Capacity; ) | |
| ) | |
| DEFENDANTS ) | |

## COMPLAINT

### INTRODUCTION

This action arises out of Defendants' conspiracy to deprive Willie Covington ("Covington") of his property and interfere with his business.

The causes of action brought are (1) violation of 42 U.S.C. sec. 1983 (due process and equal protection clauses), (2) violation of 42 U.S.C. sec. 1985(3) (conspiracy), (3)

1

common law conspiracy, (4) negligent infliction of emotional distress, and (5) intentional infliction of emotional distress.

## JURISDICTION AND VENUE

1. Jurisdiction of this court arises under 28 U.S.C. secs. 1331, 1343(a), and 1367(a); 42 U.S.C. secs. 1983 (civil action for deprivation of rights), 1985(3) (conspiracy to interfere with civil rights), 1988 (proceedings in vindication of civil rights).

2. Jurisdiction of this court for the pendent claims is authorized by F.R.Civ.P. 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966). The amount in controversy exceeds $10,000 excluding interests and costs.

3. Venue is properly established in this judicial district pursuant to 28 U.S.C. §1391(b).

## PARTIES

4. That the plaintiff, Willie Covington, is a citizen of the United States, a resident of Richmond, Kentucky and as a former Richmond Police Officer.

5. That the City of Richmond, a defendant, is a municipal corporation within Madison County of the Commonwealth of Kentucky, and is charged with and responsibility for appointing and promoting, through the Mayor of Richmond, the members of the Richmond Police Department and for the supervision, training, instruction, discipline, control, and conduct of the Richmond Police Department and its personnel. At all relevant times, Defendant Municipality had the power, right, and duty to control the manner in which the individual Defendant Police

Officers, City Manager, and Mayor carried out the objectives of their employment and to see that all orders, rules, instructions and regulations promulgated by the Richmond Police Department were consistent with the Constitution and the laws of the municipality.

6. That the Richmond Register, a Defendant, has a principal place of business located at 380 Big Hill Avenue, Richmond, KY 40475.

7. That Robert G. Stephens, a Defendant, was at all times relevant to this action, the Chief of Police for the Richmond Police Department. As such, he is the responsible party for supervising the training, instruction, discipline, control and conduct of Defendant Police Officers. He is also charged with promulgating all orders, rules, instructions and regulations of the Richmond Police Department including, but not limited to those orders, rules, instructions and regulations concerning the use of force and the use of surveillance methods by members of the Richmond Police Department. He is sued both individually and in his official capacity. Upon information and belief, Defendant Police Chief is a resident of Richmond, Kentucky.

8. That David Evans, a Defendant, was at all times relevant to this action, the City Manager for the City of Richmond. As such, he is the responsible party for administrative and executive affairs of the City of Richmond. He is also charged with seeing that all orders, rules, instructions and regulations of the City of Richmond including, but not limited to those orders, rules, instructions and regulations concerning the Richmond Police Department are enforced. He is sued both individually and in his official capacity. He is also charged to exercise

supervision and control, subject to such limitations as may be imposed by law, over all departments created by the Board governing the City of Richmond. Upon information and belief, Defendant City Manager is a resident of Richmond, Kentucky.

9. That Defendant Jake Adkins is a Police Officer employed by the City of Richmond, Kentucky, that resides at a presently unknown address.

## FACTS

10. That Mr. Covington is, and was at all times relevant to this action, a resident of Richmond, KY.

11. That Mr. Covington is the sole proprietor of The Magic Moment Club (hereinafter "Magic Moment").

12. That Magic Moment is a social club located at 309 Orange St. in Richmond, KY.

13. That Magic Moment is licensed by the Commonwealth of Kentucky to sell liquor and beer by the drink.

14. That the Magic Moment Club is the only African-American owned club in Richmond, Kentucky.

15. That the Magic Moment Club is predominantly frequented by African-American members of the community.

16. That the City of Richmond is vicariously liable for the actions of its officers and employees.

17. That a riot broke occurred between members of the community and the Richmond Police Department on Orange Street in Richmond, Kentucky on May 30, 2004.

4

18. That, upon information and belief, employees of the City of Richmond informed members of the media that the riot occurred between patrons of the Magic Moment Club and the Richmond Police Department.

19. That, upon information and belief, employees of the City of Richmond informed members of the media that the riot began at the Magic Moment Club.

20. That Mr. Covington had asked for retractions of inaccurate information by members of the media but the inaccurate information has not been retracted.

21. That Mr. Covington has asked for retractions of inaccurate information by the City of Richmond but the inaccurate information has not been retracted.

22. That the Magic Moment Club and Mr. Covington continue to be named in news stories concerning the riot of May 30.

23. That business at the Magic Moment has suffered because of the release of false and inaccurate information and economic losses have resulted.

24. That members of the Richmond Police Department have harassed the patrons of the Magic Moment Club on several occasions since the May 30 riot.

25. That, upon information and belief, the harassment of patrons of the Magic Moment Club is racially motivated.

## COUNT 1: VIOLATION OF 42 U.S.C. § 1983
## (DUE PROCESS AND EQUAL PROTECTION CLAUSES)

26. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 25 above with the same force and effect as if herein set forth.

27. At all relevant times herein, Plaintiff had a right under the due process and equal protection clauses of the state and federal constitutions not to be deprived of his constitutionally protected interest in his property. U.S.C. Const. Amend. 14.

28. At all times relevant herein, the defendants Dan Evans, Robert Stephens, and the City of Richmond were state actors and their conduct was subject to 42 U.S.C. secs. 1983, 1985, and 1988.

29. The Richmond Police Department has routinely parked police cars occupied by police officers outside of the Magic Moment Club.

30. That, upon information and belief, the intention ~~action~~ of performing surveillance of the Magic Moment Club and its patrons is to harass and intimidate members of the African-American community.

31. That, upon information and belief, similar surveillance is not conducted at establishments owned or frequented by Caucasians.

32. That the Chief of Police came to the Magic Moment Club on or about November 13 or 20 of 2004 to order Mr. Covington to close his business before midnight, the time articulated in the city ordinances for businesses serving alcohol to cease selling alcoholic beverages.

33. That upon discovering that Mr. Covington had already stopped serving alcoholic beverages, the Chief of Police ordered the remaining patrons to leave the establishment.

34. The only explanation is that the Police Chief was discriminating against Covington and his patrons because of their race since they were legally entitled to remain and finish their beverages.

6

35. That, on October 29, 2004, Officer Adkins and two assisting Officers of the Richmond Police Department arrived at the Magic Moment Club and ordered it to cease operations 1 hour before the municipal ordinances indicated "last call" for businesses which serve alcoholic beverages.

36. That Officer Adkins knew or had reason to know that the ordinances did not provide for closing of the Magic Moment Club at the time he ordered the business closed.

37. That Officer Adkins and two assisting Officers were informed by patrons of the Magic Moment Club and Mr. Covington that the "White" owned or frequented establishments would be open late as per the ordinance but they still refused to allow the Magic Moment Club to stay open.

38. Acting under the color of law, Defendants worked a denial of Covington's rights, privileges, or immunities secured by the United States Constitution or by Federal law and guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

39. As a result of Defendants' concerted unlawful and malicious conduct, Covington was both deprived of his rights to equal protection of all the laws and to due process of law, of his right to his property in violation of the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.

40. Covington was harmed, has incurred considerable legal debt which would not otherwise have been incurred, and has suffered the loss of confidence in and feelings of betrayal by the City of Richmond and Richmond Police Department,

shock, and emotional scarring, all compensable as emotional distress, and other damages.

### COUNT 2: <u>VIOLATION OF 42 U.S.C. § 1985(3) (CONSPIRACY)</u>

41. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 40 above with the same force and effect as if herein set forth.

42. That, upon information and belief, members of the Richmond Police Department and the City of Richmond have conspired to deprive Covington, an African-American, of his constitutionally protected rights to own property and operate his business establishment.

43. That, upon information and belief, members of the Richmond Police Department and the officials of the City of Richmond have conspired to deprive Covington and other members of the African-American community of their constitutional right to peacefully assemble.

44. That the aforementioned actions of the Chief of Police, members of the police department, and officials of the City of Richmond are acts in furtherance of this conspiracy. Specifically, that attempts to discourage patronage of the Magic Moment Club, discourage peaceful assembly of African-Americans, and interference with the operation of the Magic Moment Club constitutes an overt act of discrimination against Covington and his patrons because of their race.

45. That Covington and members of the African-American community have been damaged as a result of this deprivation of rights.

## COUNT 3: COMMON LAW CONSPIRACY

46. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 45 above with the same force and effect as if herein set forth.

47. That, upon information and belief, all the Defendants (a) had an object to be accomplished; (b) had an agreement on the object or course of action, to wit, to deprive Covington of his right to the equal protection of the laws, specifically, the right to operate his business and peacefully assemble with members of the African-Amercan community; (c) performed one or more unlawful overt acts; and (d) caused Covington damages that were a direct result of those acts.

48. In furtherance of their object, defendants did two or more overt acts against the plaintiff. Those unlawful overt acts include, but are not limited to the facts outlined in Counts 1 and 2, *supra*.

49. All five defendants are liable for their acts.

50. Covington suffered harm and damages, as stated at par. 23, *supra*, as a direct result of those acts.

## COUNT 4: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

51. Covington repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 50 above with the same force and effect as if herein set forth.

52. Defendants continually negligently inflicted emotional distress on the Plaintiff.

53. Defendants had a continuing affirmative duty to perform duties in such a manner as not to inflict emotional distress on Covington.

54. Defendants breached their duties to Covington.

55. Covington never interfered with Defendants obligations under the above-described duties.

56. Covington suffered not only physical symptomatologies but also, as a consequence of the physical injury, mentally by Defendants' breach of duty.

57. Covington was, is, and, with a high degree of likelihood, will continue to be inflicted with emotional distress due to the negligence of Defendants.

58. As a result of Defendants' negligent conduct, Covington has suffered and will continue to suffer physical symptomatologies, such as severe, continuous headaches, difficulty sleeping, anguish, severe emotional trauma, embarrassment, and humiliation.

## COUNT 5: <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

59. Plaintiff repeats and realleges and incorporate by reference the allegations in paragraphs 1 through 58 above with the same force and effect as if herein set forth.

60. Defendants Stephens and unknown officers intentionally and deliberately inflicted emotional distress on Covington by interfering with his civil rights and conspiring against him, thereby destroying his trust in the City of Richmond and the Richmond Police Department.

61. Defendants' conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

62. The actions of the Defendants were the actual and proximate cause of Covington's distress.

63. Covington is a reasonable man.

64. The emotional distress sustained by Covington was severe and of a nature that no reasonable man could be expected to endure.

Respectfully submitted,.
PLAINTIFF WILLIE COVINGTON.
By his attorney,

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands Judgment, including interest, against all defendants, jointly and severally, for actual, general, special, compensatory damages, plus the costs of this action, including attorney's fees, and such other relief deemed to be just, fair, and appropriate:

1. Judgment against the Defendants for compensatory and punitive damages.
2. Judgment against the Defendants for actual, general, special, compensatory damages.
3. That the Court grant injunctive relief from further incidents of harassment and embarrassment.
4. Trial by jury on all issues so triable.
5. Plaintiffs' cost expended herein, including a reasonable sum for attorney's fees.
6. Any and all other relief to which the Court deems them to be entitled.

Respectfully submitted,

JAMES M. FRANCIS
FRANCIS LAW OFFICE, PLLC
SECURITY TRUST BUILDING
271 W SHORT STREET, STE 507
LEXINGTON, KY 40507
PHONE        859.455.8302
FAX:           859.455.8140
E-MAIL:      jmfrancis@francis-law.com
COUNSEL FOR THE PLAINTIFF