```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                              LEXINGTON
```

| | |
|---|---|
| WILLIE COVINGTON, | ) |
| Plaintiff, | ) Civil Action No. 5:05-113-JMH |
| v. | ) |
| CITY OF RICHMOND, KENTUCKY, *et al.*, | ) |
| | ) **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) |

**         **         **         **         **

This matter is before the Court on three separate but interrelated motions: Defendants' motions for partial dismissal and extension of time [Record Nos. 3 and 4] and Plaintiff's motion for leave to amend his complaint [Record No. 9]. Fully briefed, these matters are ripe for review.

**FACTUAL BACKGROUND**

Plaintiff's second amended complaint asserts various allegations against the City of Richmond, the Richmond Police Department, the Mayor of the City, the City Manager, the Chief of the Richmond Police Department, and one individual officer of the Richmond Police Department (collectively, "Defendants"). The allegations relate to the Defendants' interference with Plaintiff's operation of his bar, the Magic Moment Club, located in Richmond, Kentucky. Portions of the second amended complaint pertain to a riot which allegedly occurred in Richmond on or about May 30, 2004.

1

Plaintiff alleges that "employees of the City of Richmond" informed members of the media that the riot occurred at the Magic Moment Club, between patrons of the Club and members of the Richmond Police Department. Plaintiff further alleges that the information relayed by members of the media is inaccurate and, despite having asked for retractions, the allegedly inaccurate information has not been retracted. The Court notes that Plaintiff does not assert claims against any of the media entities that reported the allegedly inaccurate information.

The second amended complaint also alleges that the Richmond Police Department routinely parks police cars occupied by police officers outside the Magic Moment Club and that such "surveillance" is to harass and intimidate members of the African-American Community. Finally, the second amended complaint states that on two separate occasions members of the Richmond Police Department, specifically the Chief of Police and Officer Adkins, ordered Plaintiff to close the Magic Moment club prior to the time articulated in the applicable city ordinance. Plaintiff's states that "the only explanation" for such action is discrimination based on race.

Of the five counts outlined in Plaintiff's second amended complaint, the defendants challenge three of them: Plaintiff's 42 U.S.C. § 1985(3) claim found in Count 2 of the second amended complaint, Plaintiff's common law civil conspiracy claim found in

2

Count 3 of the second amended complaint, and Plaintiff's claim of negligent infliction of emotional distress found in Count 4 of Plaintiff's second amended complaint. Further, the defendants state that all claims against Mayor Connie Lawson and City Manager David Evans should be dismissed because, while they are named in the second amended compliant, none of the factual allegations pertain to them.

## ANALYSIS

I.   **Motion For Partial Dismissal**

Defendants have moved the Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss three of Plaintiff's five claims against them. A district court may dismiss a suit pursuant to Rule 12(b)(6) if the plaintiff fails to state a claim for which relief may be granted. *See Decker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 205 F.3d 906, 909 (6th Cir. 2000). A complaint should only be dismissed when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). While "[a]ll factual allegations are deemed true and any ambiguities must be resolved in plaintiff's favor" *Persian Galleries Inc. v.* Transcontinental *Ins. Co.,* 38 F.3d 253, 258 (6th Cir. 1994), the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Gahafer v. Ford*

3

*Motor Co.,* 328 F.3d 859, 861 (6th Cir. 2003) (*quoting Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987)). While a complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests" *Lawler v. Marshall,* 898 F.2d 1196, 1199 (6th Cir. 1990) (*quoting Conley v. Gibson,* 355 U.S. 41, 47 (1957)), the plaintiff must assert more than bare legal conclusions. *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993) (*citing Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988)). "In practice, 'a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Scheid,* 859 F.2d at 436 (*quoting Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1984), *cert. denied,* 470 U.S. 1054 (1985) (*quoting In re Plywood Antitrust Litigation,* 655 F.2d 627, 641 (5th Cir. 1981)).

A.   <u>Count 2 - 42 U.S.C. § 1985(3)</u>

Count two of Plaintiff's second amended complaint asserts a cause of action for Defendants' alleged violation of 42 U.S.C. § 1985(3). Specifically, Plaintiff alleges that individual members of the Richmond Police Department, officials of the City of Richmond, and the City of Richmond itself have conspired to deprive him of his constitutionally protected rights to own property and operate a business establishment, and his right to peacefully assemble with other members of the community. Plaintiff asserts

4

that these defendants acted in furtherance of the alleged conspiracy by discouraging members of the community from patronizing the plaintiff's Magic Moment Club.

To establish a claim under 42 U.S.C. § 1985(3), a plaintiff must prove: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994) (citing *Hilliard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994)). "Plaintiff must also establish that the conspiracy was motivated by a class-based animus." *Id.*

Pursuant to the intra-corporate conspiracy doctrine, there is no conspiracy under § 1985 where the conspiratorial conduct alleged is that of a single corporation acting through its own employees who are acting within the scope of their employment. *Doherty v. American Motors Corp.*, 728 F.2d 334, 339 (6th Cir. 1984). It is the basic law of conspiracy that two persons or entities must be involved to have a conspiracy, and where all of the defendants are members of the same collective entity, there are not two separate "people" to form a conspiracy. *Id.; Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.*, 926 F.2d 505, 510. The intra-corporate conspiracy doctrine has been held applicable to

5

governmental bodies. *Edmonds v. Dillin,* 485 F. Supp. 722, 729 (N.D. Ohio 1980) ("This court is of the view that a city cannot be held liable under section 1985 for conspiring with its own employees when they are acting pursuant to official policy or custom.").

Plaintiff contends that the allegations made herein fall into the "scope of employment" exception to the intra-corporate conspiracy doctrine. The Sixth Circuit addressed this exception in *Johnson v. Hills & Dales General Hospital,* 40 F.3d 837 (6th Cir. 1994). There, the Court noted the distinction between "collaborative acts done in pursuit of an employer's business and private acts done by persons who happen to work at the same place." *Id.* at 840. The Court held that, "when employees act outside the course of their employment, they and the corporation may form a conspiracy under 42 U.S.C. § 1985(3)." *Id.* at 841.

From the factual averments contained in the complaint, it appears that all of the defendants were acting within the scope of employment during the times relevant to the articulated causes of action. For instance, Plaintiff alleges that Richmond Police Officers routinely parked police cars, occupied by police officers, outside the Magic Moment Club. Further, Plaintiff states that Chief Stephens came to his club on or about November 13 or 20, 2004, and ordered Plaintiff to close his business before the time articulated in the city ordinances for businesses to cease selling

6

alcoholic beverages. Finally, Plaintiff alleges that Officer Adkins arrived at the club on October 29, 2004, and ordered it to cease operations prior to time for "last call" as indicated in the municipal ordinances. All of these allegations seem to suggest that the defendants acted in official execution of their duties within the course of their employment.

The second amended complaint, however, specifically alleges that "the defendants Connie Lawson, Dan Evans, Robert Stephens, [and] Jake Adkins were acting outside the scope of their employment with the City of Richmond." ¶ 43. As this is a motion to dismiss, and because, for purposes of this motion, all of Plaintiff's factual allegations are deemed true and any ambiguities must be resolved in his favor, Count two of Plaintiff's complaint withstands Defendants' motion to dismiss.

B.  Count 3 - Civil Conspiracy

Count three of Plaintiff's complaint states a cause of action for civil conspiracy. The standard for proving a civil conspiracy was set forth in *Hooks v. Hooks,* 771 F.2d 935 (6th Cir. 1985):

> A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. .... All that must be shown is that there was a single plan, that the alleged coconspirator[s] shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

*Id.* at 943-44.

In the present complaint, all of the elements of conspiracy

7

are sufficiently alleged: it is alleged that a single plan existed ("defendants Connie Lawson, Dan Evans, Robert Stephens, and Jake Adkins ... had an agreement ... "); that the conspirators shared in the general conspiratorial objective ("to deprive Covington of his right to the equal protection of the laws, specifically, the right to operate his business and peacefully assemble with members of the African-American community"), and that an overt act was committed in furtherance of the conspiracy (that defendants conducted surveillance of the Magic Moment Club and its patrons with the purpose of harassing and intimidating members of the African-American community, and that the Magic Moment Club was ordered on two occasions to cease operations prior to the time indicated in municipal ordinances) that caused injury ("business at the Magic Moment has suffered ... and economic losses have resulted"). Accordingly, Covington has alleged facts that state a claim of civil conspiracy for which relief could be granted.

C.  Count 4 - Negligent Infliction of Emotion Distress

Defendants state that Plaintiff's claim for negligent infliction of emotional distress must fail because his amended complaint does not allege that any physical contact occurred between the Plaintiff and the Defendants.[1]  The long-standing rule under Kentucky law is that a showing of physical impact is required

---

[1] Plaintiff's second amended complaint also fails to allege physical contact.

8

to sustain a claim for negligent infliction of emotional distress. *Deutsch v. Shein,* 597 S.W.2d 141 (Ky. 1980); *see also Morgan v. Hightower's Adm'r,* 163 S.W.2d 21 (Ky. App. 1942) (causes of action for fright, shock, or mental anguish which are unaccompanied by physical contact must fail as a matter of law.).

Plaintiff, in his response brief, fails to address Defendants' arguments relating to this issue.  Because Plaintiff's second amended complaint fails to allege that any physical contact occurred, a fact required for the Plaintiff to recover under the theory of negligent infliction of emotional distress, and because his responsive brief offers nothing to refute Defendants' arguments regarding this claim, Count four of Plaintiff's second amended complaint fails as a matter of law.

D.   <u>Mayor Lawson and City Manager Evans</u>

Finally, Defendants request that the Court dismiss Mayor Lawson and City Manager Evans from this case because, while they are named defendants, neither the complaint nor the first amended complaint allege that either Lawson or Evans were responsible for, or participated in, any of the claims asserted in the complaints. Moreover, Defendants argue, neither of the complaints contain factual averments against either of these defendants.

In his response brief, Plaintiff states that he should be granted leave to amend his complaint in order to cure the deficiencies in the current complaint.  While the Court grants

9

Plaintiff's motion for leave to amend (see below), the second amended complaint is scarcely more specific with respect to these defendants than the current complaint, and does little to cure the existing deficiencies.

That being said, a complaint should only be dismissed when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). Of this, the Court is not convinced. While Plaintiff has failed to make factual averments against these two defendants, he has given the defendants' fair notice of his claims. Accordingly, at this early stage of litigation, the Court declines to dismiss defendants Lawson and Evans from the case.

## II. Motion For Leave To Amend

The Federal Rules of Civil Procedure provide that a party may amend its pleading by leave of court, leave that shall be given freely when justice so requires. Fed. R. Civ. P. 15(a). The Court, however, can deny leave to amend on the basis of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Seeing that none of these factors are present in the instant matter, the Court

shall grant Plaintiff leave to file his second amended complaint.

Further, insofar as the amended allegations arise out of "the conduct, transaction, or occurrence set forth in the original pleading," it is decided that the amendments shall relate back to the date of filing of the original complaint. Fed. R. Civ. P. 15(c)(2).

Accordingly, **IT IS ORDERED**:

(1) That Defendants' motion for partial dismissal [Record No. 3] be, and the same hereby is, **GRANTED IN PART and DENIED IN PART**;

(2) That Count 4 of Plaintiff's complaint be, and the same hereby is, **DISMISSED**;

(3) That Counts 2 and 3 of Plaintiff's complaint, and Plaintiff's claims against Mayor Lawson and City Manager Evans **REMAIN VIABLE**;

(4) That Defendants' motion for an extension of time to file an answer to the remaining counts [Record No. 4] be, and the same hereby is, **GRANTED**;

(5) That Defendants have fifteen days from the date of entry of this order to answer the remaining portions of Plaintiff's second amended complaint;

(5) That Plaintiff's motion for leave to amend his complaint [Record No. 9] be, and the same hereby is, **GRANTED**; and

(6) That Plaintiff's tendered second amended complaint be, and the same hereby is, **DEEMED FILED**, and the same shall relate

11

back to the time of filing of the original complaint.

This the 22nd day of August, 2005.



Signed By:

*Joseph M. Hood*

United States District Judge