```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

```
WILLIE COVINGTON,                )
                                 )  Civil Action No. 5:05-113-JMH
     Plaintiff,                  )
                                 )
v.                               )
                                 )  MEMORANDUM OPINION AND ORDER
CITY OF RICHMOND, et al.,        )
                                 )
     Defendants.                 )
                                 )

               **    **    **    **    **
```

Before the Court is the summary judgment motion of Defendants City of Richmond, Kentucky; Robert G. Stephens, Chief of Police for the Richmond Police Department; David Evans, City Manager; Connie Lawson, Mayor of Richmond; and Jake Adkins, a police officer with the Richmond Police Department (collectively, "Defendants") [Record No. 19]. Despite being afforded an additional three months to respond to the motion, Plaintiff Willie Covington failed to file a response to Defendants' motion for summary judgment. This matter is now ripe for review.

### BACKGROUND

As recited in the Court's August 22, 2005, Memorandum Opinion and Order granting in part and dismissing in part Plaintiff's complaint, Plaintiff alleges that Defendants interfered with Plaintiff's operation of his bar, the Magic Moment Club, located in Richmond, Kentucky. A riot allegedly occurred in Richmond on or about May 30, 2004, and Plaintiff complains that "employees of the City of Richmond" informed members of the media that the riot

occurred at the Magic Moment Club between patrons of the Club and members of the Richmond Police Department. Plaintiff further alleges that the information relayed by members of the media is inaccurate and, despite having asked for retractions, the allegedly inaccurate information has not been retracted.

According to Plaintiff, the Richmond Police Department routinely parks police cars occupied by police officers outside the Magic Moment Club and that such "surveillance" is to harass and intimidate members of the African-American community. Plaintiff states that on two separate occasions, members of the Richmond Police Department, specifically the Chief of Police and Officer Adkins, ordered Plaintiff to close the Magic Moment club prior to the time articulated in the applicable city ordinance. Plaintiff alleges that "the only explanation" for such action is discrimination based on race.

Based on the Court's August 22, 2005, Order, the following claims now remain against Defendants: (1) Plaintiff's 42 U.S.C. § 1983 claim based on the alleged deprivation of Plaintiff's due process and equal protection rights, (2) Plaintiff's 42 U.S.C. § 1985(3) claim based on an alleged conspiracy to deprive Plaintiff of his property rights, (3) Plaintiff's common law civil conspiracy claim, and (4) Plaintiff's intentional infliction of emotional distress claim. In their motion for summary judgment, Defendants argue that all of the claims against them should be dismissed.

**STANDARD OF REVIEW**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This burden is met by showing the court that there is an absence of evidence on a material fact on which the nonmoving party has the ultimate burden of proof at trial. *Id.* at 325. A fact is material if its resolution will affect the outcome of the lawsuit. *Waters v. City of Morristown*, 242 F.3d 353, 358 (6th Cir. 2001). Once the moving party satisfies its burden, the burden then shifts to the nonmoving party to "come forward with some probative evidence to support its claim." *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

When determining whether there is enough evidence to overcome summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, in this case, the plaintiff. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Multimedia 2000, Inc. v. Attard*, 374 F.3d 377, 380 (6th Cir. 2004). Only material factual disputes will preclude summary judgment, and the dispute must be genuine, that is, the facts must be such that

if proven at trial, a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248. The Court must not weigh the evidence, but must decide whether there are genuine issues for trial. *Id.* at 249.

As noted above, Plaintiff did not file a response to Defendants' motion for summary judgment. The Sixth Circuit has held that if the moving party meets its initial burden and the nonmoving party fails to respond, "its opportunity is waived and its case wagered." *Guarino v. Brookfield Township Trs.*, 980 F.2d 399, 405 (6th Cir. 1992). "Nothing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record." *Id.* The trial court must still "carefully review the legitimacy of such an unresponded-to motion, even as it refrains from actively pursuing advocacy or inventing the riposte for a silent party." *Id.* at 407. Therefore, if Defendants meet their burden in moving for summary judgment on the unopposed issues, then summary judgment would be proper. *Cacevic v. City of Hazel Park*, 226 F.3d 483, 492 (6th Cir. 2000); *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991).

## ANALYSIS

**I.  Due Process and Equal Protection Claims Under 42 U.S.C. § 1983**

In his complaint, Plaintiff alleges that in order to harass and intimidate members of the African-American community, the Richmond Police Department conducts "surveillance" on his bar by

4

parking police cars occupied by police officers outside the bar. Plaintiff states that on two separate occasions, Chief Stephens and Officer Adkins, ordered Plaintiff to close the Magic Moment club prior to the time articulated in the applicable city ordinance. According to Defendants, in his deposition, Plaintiff alleged that on a third occasion Chief Stephens and Evans entered his bar around 10:00 p.m. one night, but they made no attempt to close his bar. As a result of these actions, Plaintiff claims that he was deprived of his rights to equal protection and to due process.[1]

   *A. Due Process*

To prove a claim under § 1983, a plaintiff must establish that he was deprived of a constitutional right by a person acting under color of state law. *See Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). Plaintiff has failed to set forth any evidence that Defendants deprived him of a constitutionally protected liberty or property interest. Defendants argue that Plaintiff's

---

[1] Although Plaintiff claims that he was deprived of his right to his property in violation of the Fourth, Fifth, and Fourteenth Amendments, neither the Fourth nor the Fifth Amendment appear to be implicated based on the facts alleged by Plaintiff. *See Whren v. United States*, 517 U.S. 806, 813 (1996) ("[T]he constitutional basis for objecting to intentionally discriminatory application of laws is the Equal Protection Clause, not the Fourth Amendment."); *Scott v. Clay County*, 205 F.3d 867, 873 n.8 (6th Cir. 2000) ("The Fourteenth Amendment's Due Process Clause restricts the activities of the states and their instrumentalities; whereas the Fifth Amendment's Due Process Clause circumscribes only the actions of the federal government."). Therefore, the Court only reviews Plaintiff's claim that his due process and equal protection rights secured by the Fourteenth Amendment were violated.

description of incidents in which Chief Stephens, City Manager Evans, and/or Officer Adkins visited his establishment do not show that Plaintiff was deprived of a property right because Plaintiff's bar was never closed by Defendants and Defendants never made Plaintiff stop serving alcohol.  According to Defendants, in his deposition, Plaintiff did not offer testimony showing that the incidents resulted in any deprivation of his property interest. (Defs.' Mot. for Summ. J. 2-4.)  Because Plaintiff has not offered any evidence to show that Defendants even abridged his property interest, the Court never reaches an analysis of what process was due and any procedural due process claim under § 1983 must be dismissed.

If the Court were to construe Plaintiff's § 1983 claim to be based on an alleged violation of substantive, as opposed to procedural, due process, then his claim must be "based either on a violation of an explicit constitutional guarantee or on behavior that "'shocks the conscience.'"  *Mansfield Apartment Owners Ass'n v. City of Mansfield*, 988 F.2d 1469, 1476 (6th Cir. 1993) (quoting *Braley v. City of Pontiac*, 906 F.2d 220, 225 (6th Cir. 1990)). This claim is subject to dismissal as well because Plaintiff has not provided any evidence to show that Defendants deprived him of a substantive due process right or to demonstrate that Defendants' alleged actions "shock the conscience."  *See id.* at 1478 (refusing to apply the "shock the conscience" standard in a case which did

not concern physical abuse).

B.  *Equal Protection*

Plaintiff alleges that Defendants have singled him out and monitored his establishment because he and many of his patrons are African-American.  "[T]he Constitution prohibits selective enforcement of the law based on considerations such as race," and "the constitutional basis for objecting to intentionally discriminatory application of laws is the Equal Protection Clause." *Farm Labor Org. Comm. v. Ohio State Highway Patrol*, 308 F.3d 523, 533 (6th Cir. 2002).  Plaintiff must demonstrate that Defendants' actions, "had a discriminatory effect and that [they were] motivated by a discriminatory purpose."  *Id.* at 533-34.  "To establish a discriminatory effect in a race case, the claimant must show that similarly situated individuals of a different race were not prosecuted." *United States v. Armstrong*, 517 U.S. 456, 465 (1996).  A plaintiff may show discriminatory purpose by demonstrating that the "'decisionmaker . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group.'" *Wayte v. United States*, 470 U.S. 598, 610 (1985) (quoting *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979)).

It is the plaintiff's burden to establish that official action had a discriminatory effect and a discriminatory purpose.  *See Armstrong*, 517 U.S. at 465; *Farm Labor*, 308 F.3d at 533-34.  In the

7

case *sub judice*, Plaintiff has not presented sufficient evidence that Defendants' alleged actions, which include parking police cars outside his bar around closing time, entering his bar, or responding to noise complaints from a neighboring business, were carried out with a discriminatory purpose. Furthermore, Plaintiff has not provided the Court with any evidence demonstrating a discriminatory effect. Although Plaintiff claims in his Second Amended Complaint that he told Defendants that bars owned and frequented by Caucasians were allowed to stay open later than the Magic Moment, he must present evidence supporting this assertion. A discriminatory effect in a selective enforcement case is shown "by naming a similarly situated individual who was not investigated or through statistical or other evidence which 'address[es] the crucial question of whether one class is being treated differently from another class that is otherwise similarly situated."' *Farm Labor*, 308 F.3d at 534 (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 638 (7th Cir. 2001)). As Plaintiff has failed to meet his burden to produce evidence supporting his equal protection claim, Defendants are entitled to summary judgment on this claim.

**II.   Conspiracy Claims Under 42 U.S.C. § 1985(3)**

Plaintiff alleges that Defendants conspired, in violation of 42 U.S.C. § 1985(3), to deprive him of his rights to own property, to operate his business establishment, and to peacefully assemble. To establish a claim under § 1985, a plaintiff must show:

> 1) a conspiracy; 2) for [the] purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; 3) an act in furtherance of the conspiracy; and 4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Riddle v. Egensperger*, 266 F.3d 542, 549 (6th Cir. 2001) (citing *Conklin v. Lovely*, 834 F.2d 543, 548 (6th Cir. 1987)). Plaintiff must also demonstrate that "the conspiracy was motivated by racial, or other class based animus." *Collyer v. Darling*, 98 F.3d 211, 233 (6th Cir. 1996).

Defendants are all employees of the City of Richmond. Under the "intracorporate conspiracy doctrine," there is no conspiracy under § 1985 where the conspiratorial conduct alleged is that of a single entity acting through its own employees who are acting within the scope of their employment. *See Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.*, 926 F.2d 505, 510 (6th Cir. 1991). But when employees take action "outside the course of their employment, they and the corporation may form a conspiracy under 42 U.S.C. § 1985(3)." *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 841 (6th Cir. 1994). Plaintiff survived Defendants' motion to dismiss by alleging in his Second Amended Complaint that Defendants were acting outside the scope of their employment with the City of Richmond. But in order to rely upon this exception to the intracorporate conspiracy doctrine in response to a summary judgment motion, he must present evidence to support that

9

allegation.  Defendants have stated in sworn affidavits that they were acting within the course and scope of their employment. Plaintiff has not presented any evidence contrary to those affidavits.  Furthermore, he has not presented any evidence supporting his assertion that Defendants, motivated by racial animus, entered into an agreement with the objective of depriving Plaintiff of his rights.  Plaintiff's failure to support his claim with probative evidence leads this Court to grant summary judgment in favor of Defendants on the conspiracy claim brought under § 1985(3).

**III.  State Law Claims**

As Plaintiff's federal claims have been dismissed, the Court declines to exercise jurisdiction over Plaintiff's pendent state law claims for common law conspiracy and intentional infliction of emotional distress.  28 U.S.C § 1367(c)(3).

## CONCLUSION

Accordingly, and for the foregoing reasons, **IT IS ORDERED** that Defendants' motion for summary judgment [Record No. 19] be, and the same hereby is, **GRANTED**.

This the 4th day of January, 2007.



**Signed By:**

_Joseph M. Hood_

**United States District Judge**